Cancel W. Brown died 21 May, 1931. He had been working for the Asheville Ice Company for about twelve months prior to his death and was engaged in driving a delivery truck for delivering ice. On Friday, 15 May, when he came home he complained that his back was hurting. He went to work the next day and when he quit work Saturday night he complained that his head was hurting. He was very restless Saturday night, and when he got up Sunday morning he did not want anything to eat and still complained of pain. At times he was unconscious. A physician was called Sunday morning. The deceased had no fever at that time. His wife testified that her husband, the deceased, told her Monday morning that he got hurt on Friday, but that he did not tell her anything about how he got hurt. On Saturday there was a breaking out on his body and several physicians were called to treat him. There was no evidence of any break or abrasion on his body. There was evidence that he was delivering ice in blocks of one hundred pounds each and that he would place a block upon his back and slide it down into the ice box at the dairy. A witness testified that on the day of his injury the deceased told him that "he was laying ice down in the box or had started to do so, and that he slipped or that the ice slipped, and that in order to catch it was caught in a strain and hurt his back." Another witness testified that the deceased said: "I slipped out at Baird's Dairy when I put ice in the box." On Saturday afternoon the deceased said he thought he had measles, as there was a breaking out upon his body. Another witness testified that deceased said that "the ice slipped and pulled him back and threw him in a strain." Several physicians testified, but they had no definite opinion as to the cause of the death.
The hearing Commissioner, among other findings, found as a fact that "the deceased did not suffer an injury by accident while employed by the Asheville Ice Company, causing his death." The conclusions of law are as follows: "The attending physicians are some three or four in number that attended the deceased in his last illness. They were unable, on the witness stand, to say what caused the death of the deceased. They all agreed that some kind of infection was probably the cause of it. There is some hearsay evidence in the record to the effect that the claimant, while putting a block of ice in the refrigerator of one of the customers *Page 99 
of the Asheville Ice Company, hurt himself. On the day of the alleged accident, however, the deceased complained to his employer that he was feeling badly. He was broken out with a rash of some kind that three or four fellows thought was probably the measles and one doctor diagnosed the trouble as measles. During the time that the deceased was complaining about the measles and feeling bad he made no mention to his employer about any accident he might have suffered. From the evidence in the record the Commission is certainly not able to say that the deceased suffered any injury by accident which caused his death. From this evidence we are unable to say more than the attending physicians have said and they all have testified that they did not know what caused the death of the deceased and all agreed that it was some kind of infection. None of the attending physicians found any evidence of trauma on the body of the deceased. The Commissioner does not believe that the burden placed upon the claimant to make out a case has been sustained. Compensation must, therefore, be denied, and it is so ordered. Concerning the costs in this matter, let each side pay its own."
There was an appeal to the full Commission which adopted the findings of fact and conclusions of law of the hearing Commissioner, and thereupon the plaintiff appealed to the Superior Court.
The judgment of the Superior Court contains the following clauses: "And it appearing to the court that the Industrial Commission made further findings that the cause of the death of said Cancel W. Brown is unknown, and that he did not suffer an injury by accident while employed by the Asheville Ice Company, causing his death, and it appearing that these findings are all negative and are dependent upon and include the conclusions that the plaintiff has not sustained the burden placed upon her to make out a case, and that the evidence is insufficient, and the court being of the opinion that these findings set out in the opinion of the Industrial Commission . . . are mixed questions of law and fact, involving the question of the sufficiency of the evidence and are, therefore, not binding upon this court upon appeal; and the court being of the opinion, after considering all the evidence, that the same is sufficient to make out a prima facie case for the plaintiff. . . . It is . . . decreed that the award heretofore made be, and it hereby is, set aside, and that this cause be and the same hereby is remanded to the North Carolina Industrial Commission, and it is ordered that said Commission shall reconsider this cause and make an award herein conformably with this judgment."
From the foregoing judgment the defendant appealed.
The Industrial Commission found as a fact that "the deceased did not suffer an injury by accident while employed by the Asheville Ice Company, causing his death." There was competent evidence to support such finding, and consequently the appellate court was thereby concluded. It is true that the hearing Commissioner stated that he did "not believe that the burden placed upon the claimant to make out a case has been sustained. Compensation must, therefore, be denied and it is so ordered." The full Commission adopted the findings of fact and conclusions of law contained in the opinion of the hearing Commissioner and further declared: "Upon the finding that the death of deceased was not the result of an injury by accident arising out of and in the course of employment, the claimant's compensation is denied and the case dismissed." The expression used by the hearing Commissioner referring to burden of proof or prima facie case has no determinative bearing. When the Commission finds the essential facts the award, as a matter of law, must abide such finding. Obviously, if all the testimony offered by a claimant, tending to show an injury sustained in the course of his employment, was hearsay and incompetent, no finding based upon such testimony could be upheld. The fact of an accident, of course, may be established by circumstantial evidence, but in the present case the only evidence of injury to the back of deceased was his declaration made to various parties who testified at the hearing. Manifestly, such evidence was wholly incompetent. If the deceased did not suffer an injury by accident causing his death, his dependents are not entitled to recover. Such was the finding of the Commission, supported by competent evidence, and, therefore, the trial judge was without power to decree "that said Commission shall reconsider this cause and make an award herein conformably with this judgment."
Reversed.