JOHN D. PERDUE AND MALCOLM CAMERON, ADMINISTRATORS OF RAYMOND R. PERDUE, DECEASED, v. THE STATE BOARD OF EQUALIZATION, AND THE STATESVILLE GRADED SCHOOLS.

(Filed 24 January, 1934.)

1. **Master and Servant F i—Findings of fact of Industrial Commission are conclusive on courts when supported by evidence.**

    The findings of fact by the Industrial Commission as to whether injury to an employee was by accident arising out of and in the course of his employment are conclusive on the courts upon appeal when the findings are supported by competent evidence of sufficient probative force. N. C. Code, 8081(ppp).

**2. Same—**

Conclusions of law on which the Industrial Commission makes or denies an award are not conclusive on the courts.

**3. Master and Servant F a—**

A person employed by a graded school district as teacher and director of athletics is an employee of a political subdivision of the State, and is entitled to the benefits of the Compensation Act. N. C. Code, 8081(1).

**4. Same: Schools and School Districts G a—Teachers employed by school district are employees of the district and not the State.**

The State Board of Equalization has no power or duty in regard to teachers of a graded school district other than to provide for their salaries as provided by chapter 430, Public Laws of 1931, and a person elected teacher and director of athletics by a school district, C. S., 5559, whose salary as teacher is paid with funds allotted by the State Board of Equalization and whose salary as director of athletics is paid by the district from other funds, is an employee of the school district and not an employee of the Board of Equalization or the State, and the school district is liable for an award of compensation by the Industrial Commission for his death by accident arising out of and in the course of his employment, the legislative intent not to make teachers employees of the State within the meaning of the Compensation Act being shown by the acts providing that the State should make no allowance for compensation insurance for any of the counties, section 30, chapter 430, Public Laws of 1931, and that counties and school districts might exempt themselves from the Compensation Act, section 1, chapter 274, Public Laws of 1931.

**5. Master and Servant F i—**

On appeal from an award of the Industrial Commission the court's order in compliance with the statute as to attorneys' fees is within his discretion and is not reviewable.

APPEAL by plaintiffs and by the defendant, the Statesville Graded Schools, from *Warlick, J.*, at May Term, 1933, of IREDELL. Affirmed.

This is a proceeding begun and prosecuted before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act. N. C. Code of 1931, chap. 133A, Public Laws of N. C., 1929, chap. 120.

The proceeding was first heard by Commissioner Dorsett, who on the facts found by him, awarded compensation to the plaintiffs, to be paid by the defendants in proportion to the amounts contributed by them to the payment of the salary of the deceased. This award was reviewed by the full Commission on the appeal of the defendants.

The facts found by the North Carolina Industrial Commission, and as shown by the record are as follows:

1. The plaintiffs are the administrators of Raymond R. Perdue, who died on 30 October, 1931, intestate and without dependents. His father, J. D. Perdue, is his sole next of kin.

The parties to this proceeding are bound by the provisions of the North Carolina Workmen's Compensation Act. The State Board of Equalization is an agency of the State of North Carolina, which is a self-insurer. The Statesville Graded Schools District has no compensation insurance and has not exempted itself from the provisions of the North Carolina Workmen's Compensation Act, as authorized by section 1 of chapter 274, Public Laws of N. C., 1931. The said district is a noninsurer.

Immediately before his death, the deceased, Raymond R. Perdue, was engaged in the performance of his duties as the coach of the football team of the Statesville Graded Schools. This team was playing a game of football with the team of the Taylorsville High School, at Taylorsville, N. C. While the game was in progress, the deceased left the side lines and went upon the field for the purpose of making a protest to the referee against the conduct of head linesman. After he had made his protest, and before he had left the field, the deceased was struck on or about the head by the head linesman, who had been angered by his protest to the referee. The deceased fell to the ground, unconscious. He was taken from the football field, at once, to an ambulance, which was driven to a hospital at Statesville, N. C. When the ambulance arrived at the hospital, it was discovered that the deceased was dead. His death was the result of an injury by accident which arose out of and in the course of his employment as the coach of the football team of the Statesville Graded Schools.

3. At the time of his death, the deceased, Raymond R. Perdue, was employed as a teacher in the high school of the Statesville Graded Schools, at a salary of $90.00 per month. He was also employed as director of athletics in said school, at a salary of $300.00, payable in nine monthly installments. His salary as a teacher in the high schools was paid out of funds allotted to the Statesville Graded Schools District by the defendant, the State Board of Equalization, as provided by chapter 430, Public Laws of N. C., 1931. His salary as director of athletics was paid by the Statesville Graded Schools District out of funds derived from other sources. The deceased was employed both as a teacher and as director of athletics by the trustees of the Statesville Graded Schools District, on or about 25 August, 1931, for a term of nine months. His average weekly wages at the time of the accident which resulted in his death were in excess of $30.00 per week.

On these facts, the Industrial Commission reversed the award of Commissioner Dorsett, requiring the defendant, the State Board of Equalization to pay a certain percentage of the compensation awarded to the plaintiffs, and awarded compensation in the sum of $5,344.16, to be paid to the plaintiffs for the father of the deceased as his sole next of kin,

by the defendant, the Statesville Graded Schools. From this award, both the plaintiffs and the defendant, the Statesville Graded Schools, appealed to the Superior Court of Iredell County.

At the hearing of this appeal, the award of the Industrial Commission was affirmed. It was ordered by the court that the attorneys for the plaintiffs be allowed a reasonable attorneys' fee to be determined by the Industrial Commission in accordance with section 8081(rrr) of the N. C. Code of 1931, and to be paid out of the compensation awarded to the plaintiffs.

From the judgment of the Superior Court, both the plaintiffs and the defendant, the Statesville Graded Schools, appealed to the Supreme Court.

*Brown & Price, Willis Smith and John H. Anderson, Jr., for plaintiffs.*

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for defendant, State Board of Equalization.*

*Land & Sowers for defendant, Statesville Graded Schools.*

CONNOR, J. There was evidence at the hearing of this proceeding by the Industrial Commission tending to show that the death of Raymond R. Perdue, the plaintiff's intestate, was the result of an injury by accident which arose out of and in the course of his employment as the coach of the football team of the Statesville Graded Schools. For this reason the finding by the Industrial Commission to that effect is conclusive, and was not reviewable by the Superior Court; nor is such finding reviewable by this Court.

It is sufficient to say that the statute so provides. N. C., Code of 1931, sec. 8081(ppp), Public Laws of N. C., 1929, chap. 120, sec. 60. This Court has consistently and uniformly held that if there was competent evidence of sufficient probative force at the hearing by the Industrial Commission of a proceeding for compensation under the Workmen's Compensation Act, of which the Industrial Commission had jurisdiction, to support the findings of fact on which the Commission has awarded or denied compensation, such findings of fact by virtue of the statute cannot be reviewed by either the Superior or the Supreme Court. It is otherwise, as to conclusions of law on which the award was made or denied. For this reason the contention of the appellant, the Statesville Graded Schools, on this appeal, that there is error in the judgment of the Superior Court predicated upon the finding that the death of Raymond R. Perdue was the result of an injury by accident which arose out of and in the course of his employment cannot be sustained.

All the evidence at the hearing of this proceeding by the Industrial Commission shows that at the time of his death, Raymond R. Perdue, plaintiff's intestate, was an employee of the Statesville Graded Schools. He was employed both as a teacher and as director of athletics. As director of athletics, it was his duty to train and coach the football team of the high school, and to attend said team when playing at Statesville or elsewhere. He was an employee of the Statesville Graded Schools District, a political subdivision of the State, and for this reason was entitled to the benefit of the provisions of the North Carolina Workmen's Compensation Act. N. C. Code of 1931, sec. 8081(1), subsections (a) and (b).

The deceased was not an employee of the State of North Carolina, nor of the State Board of Equalization. The fact that his salary as a teacher in the Statesville Graded Schools was paid by said schools out of funds allotted to the Statesville Graded Schools District by the State Board of Equalization, under the provisions of chapter 430, Public Laws of N. C., 1931, does not constitute him an employee of said board or of the State. He was elected both as a teacher and as director of athletics by the board of trustees of the Statesville Graded Schools District. C. S., 5559. He was not elected or employed either as a teacher or as director of athletics by the State Board of Equalization. This board had no power and no duty with respect to the Statesville Graded Schools District, or to the teachers or other employees of said district, except to provide for the payment of their salaries and wages, as provided by chapter 430, Public Laws of N. C., 1931.

It is provided by section 30 of chapter 430, Public Laws of N. C., 1931, that "no allowance shall be made for compensation insurance for any of the counties of the State." By amendment of section 8 of chapter 120, Public Laws of N. C., 1929, by section 1 of chapter 274, Public Laws of N. C., 1931, it is provided that any county or school district in the State may, at its option, by action of the governing body of such county or school district, exempt itself entirely from liability for compensation to its teachers or other employees for compensation under the provisions of the Workmen's Compensation Act. These two statutory provisions make it clear that it was not the purpose of the General Assembly by the enactment of chapter 430, Public Laws of N. C., 1931, to make teachers in the public schools of the State employees of the State or of the State Board of Equalization, within the meaning of the North Carolina Workmen's Compensation Act.

The contention on this appeal that there was error in the judgment affirming the award of the Industrial Commission that the compensation awarded to the plaintiffs shall be paid by the Statesville Graded Schools

District, and that the State Board of Equalization is not liable for any part of such compensation, cannot be sustained.

It does not appear from the judgment or from the record in this appeal that Judge Warlick declined to order that an attorneys' fee, to be determined as to amount by the Industrial Commission, in addition to the compensation awarded to the plaintiffs, should be paid by the Statesville Graded Schools to the attorneys for the plaintiffs. In any event, under the statute (sec. 11 of chapter 274, Public Laws of N. C., 1931), this was within the discretion of the court, and the order appearing in the judgment will not be reviewed by this Court. We find no error in this appeal. The judgment is

Affirmed.