W. M. PLYLER, FATHER; MRS. W. M. PLYLER, MOTHER; MARCUS R. PLYLER, DECEASED, EMPLOYEE, v. CHARLOTTE COUNTRY CLUB, EMPLOYER, AND UNITED STATES CASUALTY COMPANY, INSURANCE CARRIER.

(Filed 23 November, 1938.)

**1. Master and Servant § 55d—**

A finding of the Industrial Commission is conclusive only when supported by competent evidence, and a finding based on evidence part of which is incompetent, and the remainder of which raises a mere conjecture or speculation as to the necessary facts, is insufficient to support an award.

**2. Master and Servant § 40a—**

In order to support an award of compensation it must appear by competent evidence not only that the injury was received in the course of the employment but also that it arose out of the employment.

**3. Master and Servant § 52—**

Hearsay evidence is not competent to establish a material fact in a hearing before the Industrial Commission, and testimony of declarations of a caddy prior to his death to the effect that he was caddying at the time of the injury resulting in death, is incompetent as hearsay.

**4. Master and Servant § 40c—Evidence held insufficient to show that injury to caddy arose out of his employment.**

The competent evidence before the Industrial Commission tended to show that the deceased employee was engaged as a caddy on a golf course at a stipulated fee for each assignment to a player; that on the day in question he was given an assignment and returned therefrom uninjured; that when his father came for him at the close of the day the caddy had suffered an injury to his big toe, which later became infected and caused death. The only competent evidence of a second assignment on the day of the injury was the testimony of the caddy's father that when he called for him at the end of the day he saw him walking a short distance from the caddy house, carrying a bag, and walking as though his foot was injured, and that when he later came to the car his foot was bleeding. *Held:* The evidence leaves in conjecture whether the injury was sustained while the caddy was engaged in his employment or while waiting for a second assignment, and is insufficient to support a finding that the injury arose out of the employment.

APPEAL by plaintiffs from *Armstrong, J.,* at June Term, 1938, of MECKLENBURG. Affirmed.

This is a claim for compensation to the next of kin of Marcus R. Plyler, deceased, under the Workmen's Compensation Act.

The deceased, a boy of twelve years of age, acted as a caddy at the Charlotte Country Club. He received no regular salary but was assigned by the caddy master to a golfer desiring a caddy and received a stipulated fee each time he acted as such. On 24 July, 1937, he was assigned to a golfer in the early afternoon. When he returned to the caddy house about 4:30 he was not injured. The only evidence that he again acted as caddy on that day is the evidence of his father, who testified that he called for the deceased at the Country Club about 8 o'clock p.m.; that he saw the deceased about 75 feet from the caddy house, carrying a bag, walking on the side of his left foot, and that when he came to the car his toe was bleeding some. The brother of the deceased likewise testified that when he came to the car his toe was hurt.

The deceased at some time during the afternoon after his first round received a wound on the upper surface of the large toe of his left foot. It became infected and he subsequently died from septicaemia. Evidence

of statements made by the boy prior to his death that he received the injury while caddying were admitted in evidence over objection of the defendants.

The Commission found that the deceased sustained an injury to his toe while employed as a caddy on the golf course of the Country Club, affirmed the findings of fact and conclusions of law made by the individual Commissioner, and awarded compensation. On appeal to the Superior Court the judge below, being of the opinion that there was no sufficient competent evidence in the record to support the findings of fact of the Commission, entered judgment setting aside the award and dismissing the action. The plaintiffs excepted and appealed.

*G. T. Carswell and Joe W. Ervin for plaintiffs, appellants.*
*Ralph V. Kidd for defendants, appellees.*

BARNHILL, J. To sustain an award it must appear that there is some competent evidence tending to show that the injured employee received an injury arising out of and in the course of employment. It must not only appear by competent evidence that the injury was received in the course of the employment, but also that it arose out of the employment as well. Hearsay evidence is not competent to establish either fact. *Brown v. Ice Co.,* 203 N. C., 97, 164 S. E., 631.

The evidence in this case indicates that the deceased was not injured while caddying on his first assignment on the day he was injured. No one saw him go out on his second assignment and the only evidence that he did so is the testimony that he was seen approaching the caddy house with a golf bag about 8 o'clock p.m. It does not appear just how long a time elapsed between the two assignments, or whether he was injured while waiting for the second assignment, or during the course thereof. Whether he was injured while pranking and playing with other caddies during the time he was waiting for his second assignment, or whether he was injured while so engaged upon the golf course, or whether the injury was received while he was about his master's business is, upon the evidence in this cause, a mere matter of conjecture or speculation. To determine this fact one has to guess and surmise. While the evidence raises a suspicion and is sufficient to entitle one to guess that the deceased received an injury arising out of and in the course of his employment, there is no competent evidence to sustain such a finding, and no legal evidence of the material facts at issue. This is perhaps true even if we take in consideration the declarations of the deceased, who merely testified that he was injured while caddying. Such evidence will not support an award. *Denny v. Snow,* 199 N. C., 773, 155 S. E., 874.

The factual situation distinguishes this case from *Morgan v. Cloth Mills,* 207 N. C., 317, 177 S. E., 165. *Brown v. Ice Co., supra,* is in point.

. That hearsay evidence is not admissible and has no probative force in the proof of an essential fact at issue is so well established that we need not discuss the same or cite authorities in support thereof.

The judgment below is

Affirmed.