This is an action brought by the widow and children of R. P. Maley, deceased, as dependents, against the Thomasville Furniture Company, employer, and Liberty Mutual Insurance Company, carrier, to have an award made for the death of Maley, while employed in the plant of the defendant furniture company, 10 November, 1937. *Page 591 
On that day Maley was employed in the plant and running a trim saw. While the saw was running he was found by another employee standing at the machine with the sleeve of his right arm rolled up and a place upon his arm freshly bleeding. Maley asked the witness for alcohol, which he gave him to put on his arm. Witness did not see him get hurt. At the time when he saw Maley the saw was running and he was there working.
On the next day, as testified to by another witness: "On the outside of his arm was some sort of a red inflamed place that was bruised. He had it painted with iodine. This was on Thursday, if I am not mistaken, Thursday morning, near dinner-time, and you could see something had happened to it. I don't know whether he cut it or snagged it or what. It looked more like to me it had been lanced." This witness further testified that he saw upon the arm a cut place about half as big as a dime; that it was generally thought he left work on account of flu.
This witness was permitted to testify, over objection of the defendants, that Maley was injured on Wednesday before he went home. Paul H. Gallimore testified that he was working at the Thomasville Furniture Company on 10 November and saw Mr. Maley that day. Over objection of the defendants he was permitted to say that Maley told him he had hurt his arm. He testified: "What I saw of his right arm looked kind of like a pimple, maybe a little larger. He had it painted with iodine or mercurochrome, I won't say which." Further, over objection of defendants, this witness was permitted to say that Maley told him he had bruised his arm on the machine at the plant.
T. W. Maley, a brother of deceased, testified as to the dependents and, further, that he had seen the arm the day after Maley was hurt and that there was a round looking place, some people might call it a boil; a red place, as large as the top of a teacup, with a hole in the center of it somewhat bigger than a pea. This witness was permitted to state that his brother told him he had knocked the top out on the machine; that he was reaching and just gouged the whole thing out.
(No motion was made to strike the above answer before Commissioner Dorsett, but before the hearing by the full Commission the defendants moved to strike out this answer.)
The following question was addressed to the witness: "Question: You mean the cut place, he cut it on the machine?" To which the witness answered: "Yes, sir." To this evidence, also, no objection was made before Commissioner Dorsett, but before the hearing by the full Commission defendants filed objection to this question. The witness when then permitted to state that Maley told him that he was injured by the automatic trim saw while he was working and that the injury occurred the day before. *Page 592 
To none of these questions and answers did the defendants except before the hearing Commissioner Dorsett, but before the hearing by the full Commission defendants filed objection to these questions and asked that they be stricken out, upon which the Commission made no formal ruling.
This witness further testified that he saw Maley's arm every day after Thursday; that on Sunday it begin to look more inflamed and the doctor order certain treatment.
Dr. Sherrill testified that he was called to see the deceased and that he had a pimple on his arm which he had bumped. Over objection, he was permitted to say that the deceased told him he had bumped it in the plant on the Wednesday preceding, bumped it against the machine in the plant, while he was working.
He explained by "pimple" he meant a furnucle, early boil, beginning boil. Witness, without further objection, was permitted to say that he got the impression from Maley that the had a boil and bumped it on the machine. This witness gave it as his opinion that the man died from a blood stream infection, that is, a septicaemia or blood poisoning, which arose from his infection in this arm. He further testified that striking, cutting, or bruising a boil or pimple had the effect of breaking down resistance to infection and of allowing breaking of tissues and permitting infection to enter the blood stream. Maley died Thursday night, 25 November.
At the first hearing before Commissioner Dorsett, the witness was permitted to say that Maley gave him a history of his case and explained that he was hurt in the manner testified to. Defendants made no objection to the introduction of this testimony before the first hearing Commissioner, but before the hearing by the full Commission filed objections to these questions and asked that the answers be stricken out.
There was further medical testimony with regard to the cause of the death of deceased, and the defendants filed numerous exceptions to the expert testimony. There was evidence with regard to the earnings of Maley and as to his dependents. On this evidence the hearing Commissioner found that the deceased was injured by accident arising out of his employment and while performing his duty. The full Commission, on review, adopted the findings of fact and conclusions of law of hearing Commissioner Dorsett and affirmed the award, and upon appeal to the Superior Court the award was sustained and defendants appealed to this Court, assigning as errors the admission of the testimony to which it had objected at the full Commission hearing and errors covered by numerous exceptions to the medical testimony, and the findings of fact and making the award upon incompetent evidence. *Page 593 
The appeal of defendants is based on exceptions to the admission of evidence which they contend is hearsay and incompetent, and which, if excluded, would, as they contend, leave no competent evidence upon which the Commission's findings of fact and award could be legally based; and to findings of fact and the award. Reed v. Lavender Bros., 206 N.C. 898,172 S.E. 877; Perdue v. State Board of Equalization, 205 N.C. 730,172 S.E. 396. Plaintiffs contend that competent evidence relating to the accident and injury existed, and that this may be corroborated, supplemented, or explained by hearsay evidence under the practice in this jurisdiction and, generally, where Compensation Acts similar to ours are in force, citing Brown v. Ice Co., 203 N.C. 97, 164 S.E. 631; Johnson v.Bagging Co., 203 N.C. 579, 166 S.E. 586; Carlton v. Bernhardt-SeagleCo., 210 N.C. 655, 188 S.E. 77.
The defendants, however, failed to protect themselves against the introduction of the incompetent testimony of which they complain by proper objection and exception at the first hearing.
The hearing Commissioner, in the first instance, has been charged with the duty of hearing evidence and finding facts and making or declining as award; and subsequently, in case of demand for a hearing before the full Commission, he must make a report of the proceedings to the body. InSingleton v. Laundry Co., 213 N.C. 32, 34, 195 S.E. 34, the Commission, in the performance of its functions, has been said to act in somewhat the capacity of a referee, except that its findings of fact, when supported by evidence, are conclusive. We think this principle can be extended to the duties and functions of the hearing Commissioner in the first instance with respect to the taking and transmission of evidence to the full board. The hearing before the full Commission is not entirely de novo. Section 59, chapter 120, Public Laws of 1929 — the Workmen's Compensation Act — provides that in case a demand is made for a hearing before the full Commission the Commission "Shall review the award, and if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties of their representatives, and, if proper, amend the award." Under this section it is competent for the full Commission to reconsider the evidence taken before the hearing Commissioner without hearing the witnesses again viva voce and give it such consideration as they may deem proper. Therefore, objection to the evidence should have been made when it was first offered, and we think that a subsequent formal objection to the evidence filed before the full Commission, accompanied by motion to strike, comes too late. In *Page 594 
this particular case, practically all of the objections to the hearsay evidence were raised in this way.
The matter of reception and consideration of evidence before the Industrial Commission and in this Court upon review must be affected to some extent by the nature of the body before which it is offered and the manner in which the statute requires that body to perform its duties.
The Industrial Commission is an administrative board, the quasi-
judicial functions. The manner in which it transacts its business is a proper subject of statutory regulation and need not necessarily conform to court procedure except where the statute so requires, or where, in harmony with the statute, or where it fails to speak, the Court of last resort, in order to preserve the essentials of justice and the principles of due process of law, shall consider rules similar to those observed in strictly judicial investigations in courts of law to be indispensable or proper. Section 54 of the Workmen's Compensation Act empowers the Commission to made rules for carrying out the provisions of the act, and requires processes and procedure to the summary and simple. Section 58 provides: "The Commission, or any of its members, shall hear the parties at issue, or their representatives and witnesses, and shall determine the dispute in a summary manner." Under these conditions we might expect a liberal treatment by the courts of the procedure adopted by the Commission with respect to the reception and consideration of evidence upon a claim in "dispute." This is so obviously the intention of the statute that in one jurisdiction, at least, under a statute practically identical with ours, the Court has permitted the introduction of hearsay evidence freely, depending rather on the sound judgment and wise discretion of the Commission to save the practice from abuse than upon the requirement of strict legal proof admissible in a court of law. American Furniture Co. v. Graves (Va.),126 S.E. 213. While few courts have taken this extreme position, the decisions throughout the country are all marked with varying degrees of relaxation of the strict rules of evidence as applied to investigations of this kind. A recognized authority on the subject, Schneider's Workmen Compensation Law, at page 1757, expresses the matter as follows:
"The well founded common law rule excluding hearsay evidence is not followed so strictly in compensation procedure, though the courts will not permit an award to stand which is based on hearsay evidence uncorroborated by facts and circumstances of other evidence."
The further statement appears on page 1820:
"Where hearsay evidence has been admitted, an award will not be reversed where competent evidence on the same issue has been received but hearsay evidence uncorroborated by circumstantial evidence will not sustain an appeal." *Page 595 
We are much enlightened as to the manner in which evidence should be received and considered before administrative boards, from the following excerpt, written by Chief Justice Hughes, in Consolidated Edison Company ofNew York, et al., v. National Labor Relations Board et al., andInternational Brotherhood of Electrical Workers, etc., v. National LaborRelations Broad et al., handed down 5 December, 1938, found in Advance Sheets, United States Supreme Court, p. 11:
"The companies urge that the board receive `remote hearsay' and `mere rumor.' The statute provided that `the rules of evidence prevailing in courts of law and equity shall not be controlling.' The obvious purpose of this and similar provisions is to free administrative boards from the compulsion of technical rules so that the mere admission of matter which would be deemed incompetent in judicial proceedings would not invalidate the administrative order. Interstate Commerce Commission v. Baird,194 U.S. 25, 44; Interstate Commerce Commission v. Louisville NashvilleR. R. Co., 227 U.S. 88, 93; United States v. Abilene Southern Ry.Co., 265 U.S. 274, 288; Tagg Bros. Moorhead v. United States,280 U.S. 420, 442. But this assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence."
Our Court has been inclined to regard examination before the Commission in the light of a judicial investigation only sub modo. In appropriate case it has undertaken to say what is and what is not competent evidence in that forum. Brown v. Ice Co., Supra; Johnson v. Bagging Co., supra; Perdue v.State Board of Equalization, supra. In this connection it may be proper to say that the second headnote in Brown v. Ice Co., supra, is not sustained by the text of the opinion.
It does not follow that the Court has paid no deference to the administrative character of the Industrial Commission and the summary manner in which they are required by the statute of conduct their hearing. The decisions substantially recognize a modification of the strict requirements of judicial proof, to the extent that the findings and award will not be disturbed because of the presence in the case of hearsay testimony when there is other competent evidence, of sufficient probative force, upon which to base the findings. Cabe v. Parker-Graham-Sexton, Inc.,202 N.C. 176, 162 S.E. 223; Johnson v. Bagging Co., supra. The conservative attitude of this Court on the subject, intended to promote the highest degree of justice to both sides of the controversy, is not compromised by accepting the hearsay evidence found in this case as some corroboration or explanation of the circumstantial evidence relating to the accident and injury. The hearsay evidence must be considered *Page 596 
as in the case without objection. The principle on which hearsay evidence is excluded by rules of evidence relates to its competency, not to is relevancy. That it has probative force is unquestioned and there are numerous exceptions to the rule of exclusion.
But the circumstantial evidence relating to the injury, it seems to us, is of sufficient probative force to sustain the conclusion that deceased was injured by accident arising out of his employment and in the performance of his duty. In passing upon this evidence we must taken into consideration matters of common knowledge; the character of the machine at which deceased was working, as being of a dangerous character and likely at one time or another to inflict injury upon one who operates it; the handling of rough plank upon a table, and feeding the same to the saw; and like matters within common experience. Of course, the deceased might have been stricken by an object from some other source while standing at his table and operating the saw, but for this also the defendants would have been ordinarily liable; or the deceased might have inflicted the injury upon himself, inadvertently or purposely, without reference to the duties of employment; but his injury from the operation of the machine is so much more probable as to taken first place in such an analysis. Under the circumstances the deceased was found standing at his table, the saw in motion, with an injury upon his arm from which fresh blood was running. The cause of the injury is more than conjectural.
This case is easily distinguishable from Plyler v. Country Club, ante, 453, since in that case the evidence does not warrant an inference that deceased was injured while actually performing the duties of his employment as caddy; while in the case at bar Maley was found at his post of duty, his arm freshly bleeding, and surrounded by the physical conditions and circumstances calculated to bring about such an injury.
We think the evidence sufficient to sustain the findings of fact and support the award, and the judgment is
Affirmed.