LUCY WOOD TAYLOR, Employee-Plaintiff v. J. P. STEVENS & COMPANY, INC., Employer and LIBERTY MUTUAL INSURANCE COMPANY, Carrier-Defendant

No. 8110IC445

(Filed 15 June 1982)

1. **Master and Servant § 68— disability prior to 1973—no increase in weekly payments in all cases**

    G.S. 97-29.1 does not apply to all cases of total and permanent benefits prior to 1975 but instead applies only to those cases in which the plaintiff received lifetime weekly benefits under G.S. 97-29 prior to the 1975 amendment to that statute.

2. **Master and Servant § 99— denial of attorney's fees—no abuse of discretion**

    Under G.S. 97-88 and 97-88.1, the Commission did not err in denying plaintiff's motion for attorney's fees for services rendered (1) for appeal to the Supreme Court and (2) in preparation for the hearing before the Commission. The Commission was not authorized to award fees for appeals to the Supreme Court, and there was no abuse of discretion in denying an award of these in connection with the hearing before the Commission.

    Judge Becton dissenting.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and award filed 20 November 1980. Heard in the Court of Appeals 10 December 1981.

This appeal is a part of long and complicated litigation between these parties relating to plaintiff's occupational disease. The defendants' liability was established by the Supreme Court in *Taylor v. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980), but plaintiff's claim was remanded to the North Carolina Industrial Commission (Commission) for a determination of the date of disability. On remand, the parties stipulated that the date of disability was 2 August 1963, and the Deputy Commissioner issued an order which contained the following awards: (1) that plaintiff receive $12,000.00 under G.S. 97-29 and an increase provided by G.S. 97-29.1 subject to the attorney fees awarded and (2) that the defendant pay for medical expenses incurred by the plaintiff as a result of the occupational disease and be "responsible for the expense of continuing medication and treatment as recommended by plaintiff's physicians as will give plaintiff needed relief and aid the reversibility, if any, of this occupational

disease." The defendants appealed the judgment. After the initial letter of appeal, the defendant insurance carrier paid the $12,000.00 judgment, thereby mooting appeal of the award under G.S. 97-29.

The Deputy Commissioner's award was modified in part and affirmed in part by the Commission. The Commission struck that part of the Deputy Commissioner's award which allowed an increase of payment under G.S. 97-29.1 and affirmed the rest of the judgment. The Commission also denied a motion by plaintiff to require defendants to pay plaintiff's attorney's fees as a part of costs under G.S. 97-88 and G.S. 97-88.1.

*Hassell & Hudson, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by C. Woodrow Teague and George W. Dennis III, for defendant appellees.*

CLARK, Judge.

The plaintiff presents two arguments on this appeal: (1) that the plaintiff is entitled to increased benefits under G.S. 97-29.1; and (2) that the "Commission erred and abused its discretion in denying plaintiff-appellant's motion for attorney's fees under G.S. 97-88 and G.S. 97-88.1."

I

[1] We first address the increase of the award under G.S. 97-29.1, which reads in part:

> In all cases of total and permanent disability occurring prior to July 1, 1973, weekly compensation payments shall be increased effective July 1, 1977, to an amount computed by multiplying the number of calendar years prior to July 1, 1973, that the case arose by five percent (5%).

And how are we to interpret this statute? Our courts have offered guidance:

> The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. In seeking to discover this intent, the courts should consider the language of the statute, the spirit of the act, and what

Taylor v. J. P. Stevens

the act seeks to accomplish. [Citations omitted.] . . . "In seeking to discover and give effect to the legislative intent, an act must be considered as a whole, and none of its provisions shall be deemed useless or redundant if they can reasonably be considered as adding something to the act which is in harmony with its purpose. [Citations omitted.]" *State v. Harvey,* [281 N.C.] 1, 187 S.E. 2d 706 [1972].

*Stevenson v. City of Durham,* 281 N.C. 300, 303, 188 S.E. 2d 281, 283 (1972).

Our Supreme Court has said that "benefits under the [Worker's Compensation] Act 'should not be denied by a technical, narrow and strict construction.'" *Petty v. Transport, Inc.,* 276 N.C. 417, 426, 173 S.E. 2d 321, 328 (1970), *quoting Hollman v. City of Raleigh,* 273 N.C. 240, 252, 159 S.E. 2d 874, 882 (1968). And while it has been said that the Act is to be liberally construed to give full effect to its purpose, our Supreme Court has put this construction in perspective. In *Barnhardt v. Cab Co.,* 266 N.C. 419, 427, 146 S.E. 2d 479, 484 (1966) the Court said:

It is frequently said that the Workmen's Compensation Act must be liberally construed to accomplish the humane purpose for which it was passed, i.e., compensation for injured employees. The purpose of the Act, however, is not only to provide a swift and certain remedy to an injured workman, but also to insure a limited and determinate liability for employers. [Citation omitted.] In any event, this Court may not legislate under the guise of construing a statute liberally.

We turn now to the interpretation of G.S. 97-29.1. The legislative history of this statute reveals an intent to provide additional benefits for persons who were disabled prior to 1973. "The purpose of this bill is to increase the compensation rate for permanently and totally disabled individuals at the rate of five percent per year. This involves some 200 citizens of the State who were injured in previous years; this bill affects only the people who are now disabled." Minutes. House Committee on. Manufacturers and Labor, April 21, 1977. The statute makes no reference to a maximum amount of recovery or to a maximum number of weeks during which benefits are to be paid.

We do not believe that the Legislature intended to do anything other than increase the *weekly* benefits of claimants who were totally and permanently disabled. We do not believe that the statute is applicable to the case at bar for the following reasons.

At the time the plaintiff became disabled in 1963, her disability was covered by G.S. 97-53(13). Compensation for total and permanent disability was governed by G.S. 97-29, which at that time specified a maximum amount of weeks and a maximum amount of total recovery. In 1963, G.S. 97-29 read:

> Except as hereinafter otherwise provided, where the incapacity for work resulting from the injury is total, the employer shall pay or cause to be paid, as hereinafter provided, to the injured employee during such total disability a weekly compensation equal to sixty percent of his average weekly wages, but not more than thirty-seven dollars and fifty cents ($37.50), nor less than ten dollars per week during not more than four hundred weeks from the date of the injury, provided that the total amount of compensation paid shall not exceed twelve thousand dollars.

It was not until 1975, when the General Assembly enacted the amendments to G.S. 97-29, that employees suffering from byssinosis were able to receive unlimited weekly benefits for their total and permanent disability. Prior to that time, G.S. 97-29 only provided lifetime weekly benefits for persons disabled due to paralysis resulting from injury to the brain or spinal cord or from loss of mental capacity due to injury to the brain. In all other cases of total disability, compensation was restricted in the amount of money paid per week, in the amount of weeks paid and in the maximum amount which the claimant could receive.

By enacting G.S. 97-29.1, we believe that the Legislature intended only to affect those cases in which the claimant received lifetime weekly benefits under G.S. 97-29 prior to the 1975 amendment to that statute which provided lifetime weekly benefits for total and permanent disability regardless of the cause of disability. The import of G.S. 97-29.1 was to effectuate some economic parity in benefits afforded persons who prior to G.S. 97-29.1 received lifetime weekly benefits with those who received lifetime weekly benefits by virtue of the 1975 amendment to G.S.

97-29. We find support for this position in the minutes of the House Committee on Manufacturers and Labor. The Minutes reflect a belief that the scope of the statute would be limited. In fact, the statute was believed to affect only some 200 people. In view of the Minutes and the historical analysis we attach to the statutes, we do not believe that the Legislature intended the broad application the plaintiff advances. To adopt the plaintiff's argument that G.S. 97-29.1 is to be applied to all cases of total and permanent benefits prior to 1975 would encourage every person who has ever received benefits for total and permanent disability to seek supplements to their awards even though the statute governing their award limited their recovery by the amount of weeks and total amount of the award to be received.

## II

[2] The plaintiff contends next that the Commission erred and abused its discretion in denying plaintiff appellant's motion for attorney's fees under G.S. 97-88 and G.S. 97-88.1.

G.S. 97-88 provides:

> *Expenses of appeals brought by insurers.* — If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings [sic] including therein reasonable attorney's fee to be determined by the Commission [sic] shall be paid by the insurer as a part of the bill of costs.

G.S. 97-88.1 provides:

> *Attorney's fees at original hearing.* — If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees, for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

G.S. 97-88 requires that there be a hearing or proceeding brought by the insurer from which the insurer is ordered to pay

an award. In the case before us, the plaintiff has requested fees for work done in order to defend an appeal to the Supreme Court. Plaintiff also seeks compensation for services rendered between the time of the Supreme Court's decision and the hearing before the Commission and for services rendered in preparation for the hearing before the Commission. Whether an award of fees is made is within the discretion of the Commission. Further, G.S. 97-88 only authorizes the Commission to make awards of attorney's fees for hearings before it. On review, the Commission's decision must be upheld unless there is an abuse of discretion. *See Perdue v. Board of Equalization*, 205 N.C. 730, 172 S.E. 396 (1934).

We hold that the Commission was not authorized to award fees for the services rendered in connection with the appeal before the Supreme Court. It was authorized to make an award of attorney's fees for services rendered in connection with the hearing before the Commission. We find this authority based on the fact that the hearing was the result of an appeal by the insurer from a deputy commissioner's order requiring the insurer to pay a claim. The Full Commission modified and affirmed the award. The import of that decision is that the insurer was relieved of an obligation to pay benefits under G.S. 97-29.1 but it was still required to pay medical expenses incurred by the plaintiff. The Commission denied the motion for attorney's fees. Because we find no abuse of its discretion, we must uphold the Commission's decision to deny attorney's fees under G.S. 97-88.

Finally, because of our decision to affirm the Commission's decision with regard to the defendant's liability, we hold that the Commission did not abuse its discretion in not awarding attorney's fees under G.S. 97-88.1.

For the foregoing reasons, the judgment below is

Affirmed.

Judge WHICHARD concurs.

Judge BECTON dissents.

Judge BECTON, dissenting.

I dissent from the majority opinion because the clear, unambiguous language of the statute includes *all* cases of total disability. It is well settled that the words of a statute are to be given their common and ordinary meaning unless a technical interpretation is apparent by the context. *In re Duckett*, 271 N.C. 430, 436, 156 S.E. 2d 838, 844 (1967). Further, "[i]t is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658, 174 S.E. 2d 793, 804 (1970). The legislature made no distinctions between the claimants who could benefit under G.S. 97-29.1. The only requirements which the statute contains is that the claimant be totally and permanently disabled prior to July 1, 1973. Mrs. Taylor was totally and permanently disabled prior to 1973 and, therefore, should receive the benefits afforded under this statute.

The defendants argue that there are vested rights and responsibilities which accrue to each party based upon the law in existence at the time of the claimant's injury or illness. Apparently, the legislature has determined that the best interests and welfare of this State would be served by allowing these claims to be filed. I do not believe that this is a case of a retroactive application of the statute. It is instead a declaration of new rights and responsibilities based upon past events.

The defendants argue that, depending upon when a claimant filed a claim and had that claim settled, the statute could lead to unequal results in cases among persons suffering with the same injuries or illnesses. That may be so. It has no effect on the validity of the statute, however. All statutes become effective upon some given date. Cases which arise after the effective date and before any amendments or repealing legislation are passed are governed by the statutes. It happens all the time that some individuals, because of when incidents occur, will either benefit or be penalized by a change in a statute.

For the foregoing reasons, I vote to reverse the Commission's Opinion and Award and reinstate the Deputy Commissioner's Opinion and Award which allowed an increase of payment under G.S. 97-29.1.