***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the alleged injury, which is the subject of this claim, is 15 December 2000.
2. On 15 December 2000, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On 15 December 2000, an employee-employer relationship existed between Plaintiff-employee and Defendant-employer.
4. On 15 December 2000, Defendant-employer employed three or more employees.
5. Liberty Mutual Insurance Company provided insurance coverage for Lorillard Tobacco on 15 December 2000.
6. Plaintiff's average weekly wage was $1,016.25, which yields the maximum compensation rate for 2000 of $588.00.
7. The parties stipulated to the following: (a) Plaintiff's medical records; (b) Plaintiff's discovery responses; (c) Industrial Commission Forms 19, 33, 33R and 61.
8. The sole issue on appeal to the Full Commission is the approval of Dr. Mark Roy.
 ***********
Based upon the foregoing Stipulations and the evidence presented, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of hearing before the deputy commissioner, Plaintiff was 48 years old and had been working for Lorillard since 1986 as an electronic technician.
2. On 15 December 2000, Plaintiff was given a work order to move a microwave oven. While doing so, Plaintiff felt a tingling in his low back. Plaintiff immediately went to the company medical department that same day and was given Advil and an ice pack. Plaintiff continued to work and did not return to the medical department until 4 January 2001. At that time, Plaintiff requested Advil for aches and pains, but did not complain of any back pain. Four days later, on 8 January 2001, and on his own accord, Plaintiff went to see Dr. Mark Roy.
3. Plaintiff has had numerous workers' compensation claims with Defendant-employer and is well aware that Greensboro Orthopedics is the authorized provider for any employees of Defendant-employer. Plaintiff has treated there many times in the past. Plaintiff was also aware that the Industrial Commission previously ruled on a prior claim that Dr. Mark Roy was an unauthorized physician (IC #943902)). Plaintiff notified Defendant-employer's medical department that he had been to see Dr. Roy and requested authorization for the treatment Dr. Roy recommended. Although Plaintiff had not missed any time from work and had only been into the medical department for his back on 15 December 2000, Defendant-employer filed a Form 19 on 18 January 2001, and notified Defendant-carrier of this claim.
4. Defendant-carrier began its investigation of the alleged incident, but was not permitted to take a recorded statement from Plaintiff until 19 February 2001. Defendant-carrier subsequently filed a Form 61 denying the claim on 26 February 2001.
5. Plaintiff returned to the medical department twice in early 2001 with mild back pain, but did not follow up with any type of additional medical attention for his back. Plaintiff acknowledged at the hearing that he has health insurance through the company, and he could have gotten treatment for his back even though the workers' compensation claim was denied.
6. On 6 April 2001, Plaintiff alleged that he contracted dermatitis from picking up cleaning rags and filed another workers' compensation claim. While treating for this condition, Plaintiff did not complain of any back problems.
7. Subsequent to the April 2001 claim, Plaintiff alleged that he sustained an injury to his neck and left shoulder on 16 December 2001. Plaintiff began to treat for his neck and left shoulder at Greensboro Orthopedics on 19 December 2001, and continued to treat there for a period of time. While treating for this condition, Plaintiff did not complain of any back problems.
8. After the hearing before the deputy commissioner on the alleged 15 December 2000, injury, the parties agreed to have Plaintiff present to Greensboro Orthopedics for an evaluation of his back to determine his current medical condition. After this evaluation and subsequent selective nerve root blocks, Defendants accepted the claim as compensable. Plaintiff then saw Dr. Cohen at Greensboro Orthopedics for a surgical opinion. Dr. Cohen did not recommend surgery, as he did not believe it would make Plaintiff better in the long run and may actually make him worse. Instead, Dr. Cohen recommended a multidisciplinary pain management approach. Plaintiff, again on his own accord and knowing Dr. Roy was not an authorized physician, returned to see Dr. Roy on 17 March 2003. Although he had not seen Plaintiff in over two years, Dr. Roy performed a few manual tests during his examination of the Plaintiff and recommended fusion surgery. It is noteworthy that Dr. Roy's records from this visit contain a comment that "we are going to try and send this through workers' comp. I am sure they will try to find a way to weasel out of it"
9. Defendants have accepted this claim as compensable and have provided Plaintiff with medical care at an authorized facility with different types of specialists that can provide quality care to Plaintiff. Plaintiff has treated at Greensboro Orthopedics on numerous occasions, and the medical staff there is aware of his history and numerous health problems. Plaintiff has been seen and treated by Greensboro Orthopedics on more occasions than he has with Dr. Roy. For these reasons, Plaintiff's request for approval of Dr. Roy as his treating physician should be denied.
10. Defendants had reasonable ground to defend this claim.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a general rule, the employer has the right to select a physician, surgeon, or hospital to treat and care for the employee, and the employee may not refuse such treatment without just cause. However, this right is limited and does not mean the employer can control medical treatment in general; it can only do so when it accepts the claim. Kanipev. Lane Upholstery, 141 N.C. App. 620, 540 S.E.2d 785 (2000). Consequently, before the claim was accepted, Plaintiff had the right to choose his own physician. Defendants were only entitled to direct medial treatment after 10 January 2003, the date that the claim was accepted as compensable. Therefore, Defendants should pay medical expenses to Plaintiff for treatment he received from Dr. Roy through 9 January 2003. Medical expenses incurred after 10 January 2003 from Dr. Roy should not be paid to Plaintiff because Dr. Roy was not the authorized treating physician at that time. N.C. Gen. Stat. § 97-25.
2. If the Industrial Commission determines that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for Defendant's or Plaintiff's attorney upon the party who has brought or defended the action. N.C. Gen. Stat. § 97-88.1. Such an award is discretionary. Taylor v. J.P. Stevens Co., 57 N.C. App. 643,292 S.E.2d 277 (1982). Its purpose is to deter stubborn, unfounded litigiousness, which is inharmonious with the primary consideration of the Workers' Compensation Act, which is compensation for injured Employees. Sparks v. Mountain Breeze Restaurant and Fish House, Inc.,55 N.C. App. 663, 286 S.E.2d 575, 576 (1982). This is not the case here and attorney's fees are not warranted. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Dr. Cohen is authorized as Plaintiff's treating physician for his compensable back condition. Plaintiff's request for approval of Dr. Roy as his treating physician is denied.
2. Defendants shall pay all medical expenses incurred or to be incurred in the future by Plaintiff as a result of his compensable back injury including those as a result of services performed by Dr. Cohen. Defendants are hereby allowed to continue to direct the medical aspect of this claim.
3. Defendants shall pay all medical expenses incurred by Plaintiff as a result of services performed by Dr. Roy through 9 January 2003.
4. Plaintiff's request for an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 is hereby DENIED.
5. Defendants shall pay the costs.
This the ___ day of December 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_________________ PAMELA THORPE YOUNG COMMISSIONER