CASSIE LEE BUCK, EMPLOYEE v. PROCTOR & GAMBLE MANUFACTURING COMPANY, EMPLOYER; SELF-INSURER COMMON DEFENDANT

No. 8110IC1202

(Filed 21 September 1982)

**Master and Servant § 99— inability of Industrial Commission to award attorney fees for services rendered on appeal to Court of Appeals**

Under G.S. 97-88, the Industrial Commission, in its discretion, can award attorney fees only when an appeal is before it to review a hearing commissioner's decision. The Commission may also exercise limited discretion when the Court of Appeals approves an award of attorney fees but certifies its decision to the Commission with instructions to decide the exact amount to be awarded; however, the Court of Appeals is the only body which can decide whether to allow attorney fees for services rendered on appeal taken to the Court of Appeals. Therefore, where the Court of Appeals refused to tax attorney fees against the defendant, the Industrial Commission erred in subsequently ordering the defendant to pay plaintiff's attorney fees for services rendered on appeal to the Court of Appeals.

APPEAL by defendant from North Carolina Industrial Commission. Orders entered 24 June 1981 and 29 July 1981. Heard in the Court of Appeals 1 September 1982.

On 27 April 1979, plaintiff was awarded temporary total disability benefits and a 15 percent permanent partial disability for a back injury resulting from an accident occurring in the course of her employment. Deputy Commissioner Rush approved attorney fees of $1,400.00, to be deducted from plaintiff's award. Defendant appealed and the Full Commission adopted the opinion and award of 27 April 1979. At the same hearing the Commission denied a motion by plaintiff that attorney fees be taxed against defendant. On 17 March 1980 the Commission filed an amendment ordering additional attorney fees for plaintiff's counsel in the amount of $300.00, to be deducted from plaintiff's award. Defendant then appealed to the North Carolina Court of Appeals, where the opinion and award of the Commission was affirmed. 52 N.C. App. 88, 278 S.E. 2d 268 (1981). On that same date, 19 May 1981, the Court of Appeals denied plaintiff's motion to tax attorney fees against the defendant.

On 8 June 1981, the Court of Appeals certified to the Industrial Commission that its opinion and award were affirmed. On 24 June 1981, Commissioner Vance signed an order directing

defendant to comply with the original opinion and award. That order also provided that the defendant was to pay plaintiff's attorney fees for services before the Court of Appeals, in the amount of $1,500.00. On 29 July 1981, Commissioner Vance signed an order denying defendant's motion to set aside the order of 24 June 1981.

*Jeffrey L. Miller, for plaintiff-appellee.*

*Maupin, Taylor & Ellis, by Albert R. Bell, Jr. and M. Keith Kapp, for defendant-appellant.*

MARTIN (Robert M.), Judge.

The defendant has presented one issue for our review. The question he raises is whether, under N.C. Gen. Stat. § 97-88, the North Carolina Industrial Commission can order defendant, *ex mero motu*, to pay plaintiff's attorney fees for services rendered on appeal to the Court of Appeals, when the Court of Appeals had previously entered an order denying those same attorney fees.

Attorney fees are not ordinarily allowed as costs in civil actions or in special proceedings unless expressly authorized by statute. *Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E. 2d 378 (1967). Furthermore, the Industrial Commission has only the limited power and jurisdiction delegated to it by statute, as it is purely a creation of the General Assembly. *Id.* Applying these basic principles to the statute in question, it appears that the plaintiff and the Commission have chosen an overly broad interpretation of the Commission's power to award attorney fees.

N.C. Gen. Stat. § 97-88 provides:

Expenses of appeals brought by insurers.—If the industrial commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to

be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

This court in *Taylor v. J. P. Stevens & Co., Inc.*, 57 N.C. App. 643, 292 S.E. 2d 277 (1982), has placed limitations on the Commission's power to allow attorney fees under § 97-88. Judge Clark, speaking for the Court, stated:

We hold that the Commission was not authorized to award fees for the services rendered in connection with the appeal before the Supreme Court. It was authorized to make an award of attorney's fees for services rendered in connection with the hearing before the Commission.

57 N.C. App. at 648, 292 S.E. 2d at 280.

The statutory language of § 97-88 supports the *Taylor* interpretation. The General Assembly used the wording "Commission or court" on three separate occasions in § 97-88. The plaintiff and the Commission have suggested that this language means the Commission and the court are interchangeable; that the Commission can award attorney fees for services rendered before the Court of Appeals, while the Court of Appeals can award such fees for services rendered before the Industrial Commission. We do not agree with that reading of § 97-88.

The better interpretation of this statute is that the Commission, in its discretion, can award attorney fees only when an appeal is before it to review a hearing commissioner's decision. In such a situation the amount of the award for attorney fees is limited to the value of those services rendered on the appeal taken to the Industrial Commission. The Commission may also exercise limited discretion when the Court of Appeals approves an award of attorney fees but certifies its decision to the Commission with instructions to decide the exact amount to be awarded. See *Swaney v. George Newton Construction Co.*, 5 N.C. App. 520, 169 S.E. 2d 90 (1969). In such a case, the Commission may determine only the amount of the award and not whether the award should be made at all. It follows that the Court of Appeals is the only body which can decide whether to allow attorney fees for services rendered on an appeal taken to the Court of Appeals.

In this case the Court of Appeals, by an order dated May 19, 1981, refused to tax attorney fees against the defendant. While

the Commission may disagree with this Court's decision, it has no power to ignore that order. After affirming the Commission's opinion and award the Court of Appeals certified its decision to the Industrial Commission. That certification process did not constitute a "hearing on review" before the Commission and did not give the Commission the power or opportunity to reconsider the appellate court's decision as to the award of attorney's fees incurred on appeal to the Court of Appeals. "Appellate courts may render final judgment in proper cases . . . Ordinarily, the opinion is certified down and, . . . binding on the court or [sic] original jurisdiction. . . ." 1 N.C. Index 3d, Appeal & Error § 66. Put another way "No judgment other than that directed or permitted by the appellate court may be entered. 'Otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of authority over inferior tribunals.' " *D & W, Inc. v. Charlotte,* 268 N.C. 720, 722-23, 152 S.E. 2d 199, 202 (1966), quoting *Collins v. Simms,* 257 N.C. 1, 11, 125 S.E. 2d 298, 306 (1962).

For the foregoing reasons this Court must vacate the orders of the Industrial Commission dated 24 June 1981 and 29 July 1981.

Vacated.

Chief Judge MORRIS and Judge BECTON concur.