DAVID SUGGS, EMPLOYEE, PLAINTIFF v. KELLY SPRINGFIELD TIRE COM-PANY, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, DEFENDANTS, CARRIER

No. 8410IC214

(Filed 20 November 1984)

1. **Master and Servant § 99— workers' compensation—insurer's withdrawal of appeal—award of attorney's fee**

    The Industrial Commission had authority under G.S. 97-88 to award an attorney's fee to plaintiff in a workers' compensation case upon the withdrawal of an appeal by the employer and its insurer from an opinion and award in favor of plaintiff where the order removing the case from the review docket expressly directed the insurer to "forthwith comply with the Opinion and Award."

2. **Master and Servant § 99— workers' compensation—withdrawal of appeal—interest on award**

    The Industrial Commission had authority under G.S. 97-86.2 to grant plaintiff interest on a workers' compensation award for the period between entry and actual payment when defendants, the employer and its insurer, withdrew their appeal from the award, since the abandonment of defendants' appeal after it had been calendared for review was the equivalent of affirmance of the award within the meaning of G.S. 97-86.2.

APPEAL by defendants from order of the North Carolina Industrial Commission filed 23 June 1983. Heard in the Court of Appeals 14 November 1984.

Defendants appeal from an order awarding interest and attorney's fee to plaintiff upon defendants' withdrawal of their appeal from an opinion and award in favor of plaintiff.

*Russ, Worth, Cheatwood & McFadyen, by Walker Y. Worth, Jr., for plaintiff appellee.*

*Gene Collinson Smith for defendant appellants.*

WHICHARD, Judge.

On 16 July 1982 the Chief Deputy Commissioner of the Industrial Commission entered an opinion and award granting additional temporary total disability compensation to plaintiff. Defendants, through counsel, sought review by the Full Commission. Defendants' counsel certified his belief that there were "good grounds for appeal"; he subsequently filed a formal Application for Review specifying the grounds for appeal and abandoning all other grounds.

By letter dated 3 March 1983, however, counsel for defendants advised the Commission that after further review defendants wished to withdraw the appeal and pay the award. On 9 March 1983 the Commission removed the case from the review docket. Its order provided: "Defendants shall forthwith comply with the Opinion and Award . . . filed July 16, 1982."

On 23 June 1983, pursuant to plaintiff's motion, the Commission entered a further order granting plaintiff interest on the award for the period between entry and actual payment. The order also awarded plaintiff an attorney's fee for defendant's having "appeal[ed] this case . . . without reasonable ground." Chairman Stephenson dissented, believing the Commission lacked statutory authority to enter these awards. We affirm.

### ATTORNEY'S FEE

[1]   G.S. 97-88 provides:

> If the [I]ndustrial Commission at a hearing on review . . . shall find that such hearing or proceedings were brought by the insurer and the Commission . . . orders the insurer to make, or to continue payments of benefits . . . to the injured employee, the Commission . . . may further order that the

cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

This Court has stated: "The better interpretation of this statute is that the Commission, in its discretion, can award attorney fees only when an appeal is before it to review a hearing commissioner's decision." *Buck v. Proctor & Gamble*, 58 N.C. App. 804, 806, 295 S.E. 2d 243, 245 (1982).

This case was before the Commission "on review" upon an appeal by both defendants; the Application for Review expressly indicated that it was filed on behalf of both the employer and the insurer. The "brought by the insurer" requirement thus is met. The order removing the case from the review docket expressly directed that defendants "forthwith comply with the Opinion and Award." The Commission thus, on review, "order[ed] the insurer to make . . . payments of benefits . . . to the injured employee."

Defendants' ultimate withdrawal of their appeal altered neither the fact that the Commission had had before it, on review, an appeal brought by the insurer, in which it ordered the insurer to pay benefits to the injured employee, nor the fact that the injured employee incurred expenses for counsel in the appeal process to that point. We believe the express requirements of G.S. 97-88, as well as its purpose or intent, have been met. We thus hold that the Commission had authority to award an attorney's fee and did not abuse its discretion in doing so.

INTEREST

[2]   G.S. 97-86.2 provides:

When, in a worker's compensation case, a hearing or hearings have been held and an award made pursuant thereto, if there is an appeal from that award by the employer or carrier which results in the affirmance of that award or any part thereof which remains unpaid pending appeal, the insurance carrier or employer shall pay interest on the final award from the date the initial award was filed . . . until paid at the legal rate of interest . . . .

The Commission found that abandonment of defendants' appeal, after it had been calendared for review, was "the equivalent of . . . affirmance of [the] award within the meaning of G.S. 97-86.2." We find this construction in accord with the meaning and purpose of the statute. We again note that the order directed defendants to "forthwith comply with the Opinion and Award." This directive has the import of an affirmance. Further, a contrary holding would, as noted by the Commission majority, permit circumvention of the compensation statutes by appeals taken but subsequently abandoned upon calendaring for review; carriers, through frivolous appeals, could temporarily deprive injured employees of awards while retaining the earnings thereon. We do not believe the General Assembly, in the enactment of G.S. 97-86.2, intended to permit this result.

We thus hold that the Commission had authority to make the award and did not abuse its discretion in doing so. We agree with Chairman Stephenson, however, that clarification of the statute expressly to permit this result is desirable.

Affirmed.

Judges JOHNSON and PHILLIPS concur.