The Act provides plaintiff receive interest on the award "from the date of the initial hearing", but the hearing proper actually lasted from the date when the Deputy Commissioner heard the lay witnesses, November 15, 1994, until the record was closed on February 6, 1995. N.C.G.S. §§ 97-86.2 and 97-84. In the past, my practice has been to order interest paid from the date the record closed, because that conforms most logically with a purpose of the statute — to discourage "frivolous appeals" — since defendants' knowledge of the merits of their case is changed at the hearing stage only by the evidence. Suggs v. KellySpringfield, 71 N.C. App. 428, 431, 322 S.E.2d 441 (1984). This purpose was ascribed to the statute prior to the 1987 amendment, when interest ran from "the date of the award", but that amendment appears to have been motivated by practical considerations rather than any change of intent: Note the amendment to N.C.G.S. § 97-84, also during the 1987 Session, requiring the hearing Deputy to render a decision within 180 days of the close of the record. Had the Legislature intended to discourage defense requests for initial hearings in the same manner, it might have run interest from the date of the accident or notice of the accident to the employer.
However, my colleagues at the Commission have almost all read the phase this to mean "the date the hearing begins". This conforms with a common verbal usage of "the hearing" or "a hearing" to refer to the "live" testimony before the Deputy Commissioner. See also, e.g., I.C. Rule 612 (2) and (3). In 1987, before the practice of receiving experts' testimony by deposition became as common, the typical hearing lasted only a day. The Legislature probably never truly contemplated this issue. But the fact that this interpretation has been actually applied with some consistency since, and that there has been no amendment or even appellate litigation concerning it, lends legitimacy to it. Deesev. Southern Devices, 306 N.C. 275, 278, 293 S.E.2d 140, rehearingdenied, 306 N.C. 753, 303 S.E.2d 83 (1983); Hewett v. Garrett,274 N.C. 356, 163 S.E.2d 372 (1968). It also further serves the evident purpose of compensating plaintiff for the lost time and use of the award that it is determined he or she should have had. Consequently, and in the interest of economy and consistency, I accede to and will henceforth apply this interpretation, and therefore CONCUR.
 S/ _______________________ J. Randolph Ward Commissioner