JENNIE LOU STRICKLAND, MOTHER, AND JERRY STRICKLAND, FATHER OF GORDON G.
STRICKLAND, EMPLOYEE, PLAINTIFF v. CAROLINA CLASSICS CATFISH, INC.,
EMPLOYER; NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE
COMPANY, CARRIER; DEFENDANTS

No. COA97-75

(Filed 4 November 1997)

**Workers' Compensation §§ 279, 304 (NCI4th)— death bene-
fits—no survivors—commutation—interest—calculation**

A workers' compensation award was remanded where an
award was made by a deputy commissioner for the death of an
employee without dependents; the award was affirmed by the
Commission and ultimately affirmed by the North Carolina
Supreme Court; defendants tendered payment to plaintiffs, with
interest; plaintiffs moved to clarify the calculation of the award
and contended that they were underpaid; defendants requested
reimbursement of the amount it had tendered in excess of that
required by statute; the Commission ordered that a sum be reim-
bursed to defendants; and it could not be discerned from the
record exactly how the Industrial Commission computed the
award and interest. N.C.G.S. § 97-40.

Appeals by plaintiffs and defendants from Opinion and Award of
the North Carolina Industrial Commission filed 29 October 1996.
Heard in the Court of Appeals 17 September 1997.

*Law Offices of Roberta L. Edwards, by Roberta L. Edwards and
Kenneth R. Massey, for plaintiff appellants.*

*Young, Moore and Henderson, P.A., by Joe E. Austin, Jr. and
Dawn M. Dillon, for defendant appellants.*

GREENE, Judge.

Jennie Lou Strickland and Jerry Strickland (plaintiffs) appeal
from an Opinion and Award by the North Carolina Industrial
Commission (Commission) awarding Carolina Classics Catfish, Inc.
and North Carolina Farm Bureau Mutual Insurance Company
(defendants) a reimbursement of $6,162.42 for overpayment of a
workers' compensation claim. Defendants cross-appeal from the
same Opinion and Award.

STRICKLAND v. CAROLINA CLASSIC CATFISH, INC.

[127 N.C. App. 615 (1997)]

The facts in this case are as follows: In June 1990, Gordon Strickland, the plaintiffs' son, was killed after making a catfish delivery. Workers' compensation benefits were denied by the defendants. A hearing was held before a deputy commissioner of the Commission on 14 February 1991 and the deputy commissioner entered an Opinion and Award on 22 October 1992 awarding $200 per week to the plaintiffs for 400 weeks. This Opinion and Award was affirmed by the Commission on 11 April 1994. After an appeal by the defendants, the Opinion and Award of the Commission was, on 9 February 1996, affirmed by the North Carolina Supreme Court. On 15 February 1996, the defendants tendered payment to the plaintiffs in the amount of $70,017.38 for compensation and an additional sum of $28,006.96 for interest. In April of 1996, the plaintiffs moved to clarify the calculation of the award contending that they were underpaid. The defendants made a cross-motion requesting a reimbursement of $9,303.00 because the payment tendered on 15 February 1996 was in excess of that required by statute. In response to the motions the Commission ordered that the plaintiffs reimburse the defendants in the amount of $6,162.52.

The issue is whether the portion of a workers' compensation award (for the death of an employee where there are no surviving whole or partial dependents) which compensates for the period of time between the initial workers' compensation hearing and the final determination by the appellate courts should be commuted to its present value as of the time of the initial hearing.

The North Carolina Workers' Compensation Act (Act) provides that compensation payments which are due because of the death of the employee will be paid for a period of 400 weeks from the date of the death of the employee. N.C.G.S. § 97-38 (1991). If there are no whole or partial dependants of the deceased employee, then the compensation which would be payable under section 97-38 must be commuted to its present value and paid in a lump sum to the next of kin. N.C.G.S. § 97-40 (Supp. 1996). The Act further provides: "[I]n any workers' compensation case in which an order issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing on the claim, until paid at the legal rate of interest provided in [N.C. Gen. Stat. §] 24-1." N.C.G.S. § 97-86.2 (1991). The first hearing before the deputy commissioner adjudicating the merits of the employee's claim is the "initial hearing

on the claim" within the meaning of section 97-86.2. Section 97-86.2 allows employees to be compensated for the loss of the use of the money to which they are entitled while appeals are pending. *See Suggs v. Kelly Springfield Tire Co.*, 71 N.C. App. 428, 431, 322 S.E.2d 441, 443 (1984).

The plaintiffs contend that section 97-40 should be applied in this case as follows: (1) the compensation resulting from the period of time between the date of death of the employee and the final determination of liability (the Supreme Court opinion in this case) must be considered as accrued payments and not subject to commutation; and (2) compensation resulting from the period of time after the final determination of liability must be considered future payments and commuted to its present value. The interest on the amount of the award (computed in the above manner) must, according to the plaintiffs, be a separate inquiry and be assessed on the amount of the award "beginning from the date of the initial hearing" before the deputy commissioner (14 February 1991).

The defendants contend that sections 97-40 and 97-86.2 must be read *in pari materia* and in doing so the award and interest in this case must be determined in the following manner: (1) the compensation resulting from the period of time between the date of the employee's death and the date of the initial hearing before the deputy commissioner (14 February 1991) is payable without commutation; (2) the compensation resulting from the period of time between the date of the initial hearing before the deputy commissioner and the date of the final determination (9 February 1996 decision by the Supreme Court) is to be commuted to its present value as of the date of the initial hearing; and (3) interest is to be computed on the total award due (computed in above manner) from the date of the initial hearing before the deputy commissioner.

There is merit to portions of both parties' arguments. The plaintiffs' argument as to the commutation of the award is more consistent with the directive of section 97-40 that the award be "commuted." By definition it is only those payments due in the future that are subject to commutation or reduction to a discounted present value. *Black's Law Dictionary* 281 (6th ed. 1990). Payments that have accrued or are presently due or past due are not subject to commutation.

In this case, at the time the Supreme Court rendered its opinion affirming the Opinion and Award of the Commission, the only pay-

ments due in the future were those accruing after the date of the Supreme Court opinion. Thus, it was proper to commute only those payments due after the date of the Supreme Court opinion which required the defendants to make compensation payments to the plaintiffs. The payments due and not payable prior to the Supreme Court opinion were past accrued payments (not future payments) and thus not subject to commutation.

The defendants, however, are correct in their contention that to allow the plaintiffs to receive interest on the entire award (the commuted and uncommuted portions of the award) from the date of the initial hearing before the deputy commissioner would constitute a double recovery for the plaintiffs. This is so because the plaintiffs were not entitled to the full uncommuted award at the time of the initial hearing. The defendants obligation accrued weekly at the rate of $200 each week. It follows, therefore, that the plaintiffs are *not* entitled to interest on the entire amount of the uncommuted award for the entire period of time extending from the date of the initial hearing before the deputy commissioner. The plaintiffs are only entitled to interest on the past due payments *as they became due*, with interest accumulating on the past due payments from the date of the initial hearing before the deputy commissioner.

From our review of the record we cannot discern exactly how the Commission computed the award and interest and remand is necessary for computation consistent with this opinion. The new Opinion and Award should delineate the compensation and interest portions of the award and indicate how these items were computed. Furthermore, the interest awarded must be paid in full to the plaintiffs and cannot be used to calculate the attorneys' fees. N.C.G.S. § 97-86.2.

Reversed and remanded.

Judges JOHN and TIMMONS-GOODSON concur.