The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie Dollar and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission modifies and affirms the decision of Deputy Commissioner Dollar, as follows.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. This case was heard initially before Deputy Commissioner William Haigh on September 13, 1994.
2. Judicial Notice is taken of the Opinion and Award, which was filed on February 1, 1997 by Deputy Commissioner Haigh.
3. Judicial Notice is taken of the Opinion and Award filed on September 10, 1997 by the Full Commission.
4. The parties stipulate that the date of payment is October 29, 1997.
5. The defendant has paid the principal amount of compensation owed pursuant to the Opinion and Award filed by the Full Commission on September 10, 1997 in the amount of $97,611.01.
 *********** FINDINGS OF FACT
1. Subsequent to the entry of the Full Commission's Award affirming benefits for Employee-Plaintiff, the adjusting company for Employer-Defendant forwarded to Plaintiff's counsel a sum representing what it calculated as compensation owed and interest owed. The amounts payable for compensation were distributed to Employee-Plaintiff. Employee-Plaintiff's counsel represented to Defendant and to defense counsel that the remaining sum, payable as interest, remains in Plaintiff's Counsel's Trust Account pending a decision by the Industrial Commission as to the proper calculation and payment of interest due.
2. Prior to hearing, counsel for the parties conferred with Deputy Commissioner Dollar advising that there was no evidence to submit other than some brief stipulations which were entered into by the parties and are set forth above as STIPULATIONS.
3. Thereafter, Deputy Commissioner Dollar entered a Decision September 29, 1998 awarding the interest for payments as they became due after the September 13, 1994, hearing before Deputy Commissioner Haigh in the amount of $6,458.04. Deputy Commissioner Dollar did not enter an Order for interest on the compensation which had accrued as of the date of hearing before Deputy Commissioner Haigh, in the amount of $11,971.38.
4. To calculate the amount of compensation due from the date compensation begins (10/15/91) to the date of hearing (9/13/94) count the number of weeks from the date compensation begins to the date of hearing (152) and multiply by the compensation rate ($314.07). This calculation yields $47, 738.64 of compensation due. Interest on that amount is calculated by multiplying the weekly interest rate (.08 divided by 52, or 0.001538462) times the number of weeks from the date of hearing to the date paid (163) times the compensation due ($47,738.64). This calculation yields interest of $11,971.38.
5. To calculate the amount of compensation due from the date of hearing (9/13/94) to the date compensation was paid (10/29/97), count the number of weeks (163) and multiply by the compensation rate($314.07). This calculation yields $51,193.41 of compensation due. Since each separate weekly payment has a different time period for calculating interest, calculating interest on the compensation due after the hearing date is slightly more complicated than calculating it on payments that accrued before the hearing date. Interest is calculated on each separate week and the weekly interest is summed. This amount is $6,458.25, which is very close to the $6,458.04 calculated and awarded by Deputy Commissioner Dollar. Her error was in not awarding any interest for compensation due for the period from the date compensation was to begin to the date of the hearing before Deputy Commissioner Haigh, which interest amounts to $11,971.38.
6. Neither plaintiff nor defendant is entitled to attorneys fees pursuant to N.C. GEN. STAT. § 97-88.1. While defendant's position on the interest was very close to what is decided in this Opinion and Award, plaintiff's position had some logical relation to N.C. GEN. STAT. § 97-86.2.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In Strickland v. Carolina Classic Catfish, Inc.,127 N.C. App. 615, 492 S.E.2d 362 (1997), disc. reviewdenied, 347 N.C. 584 (1998), the North Carolina Court of Appeals held that "[I]n any workers' compensation case in which an Order issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the initial hearing or the claim, until paid at the legal rate of interest provided in [N.C. GEN. STAT. §] 24-1."
2. The plaintiff is entitled to payment of interest at the rate of eight (8%) percent on the final award or unpaid portion thereof from the date of the initial hearing of the claim. N.C. GEN. STAT. § 97-86.2.
3. Under N.C. GEN. STAT. § 97-86.2 and the cases interpreting it, there are two separate periods and methods that apply.
The first period is the period from the date compensation was to begin to the date of the initial hearing before the Deputy Commissioner. For that period, the method is to multiply the number of weeks times the compensation rate to derive the total compensation due. Then count the number of weeks from the date of the initial hearing to the date compensation was paid. Multiply the number of weeks thus derived by the weekly interest rate times the total compensation due for that period. The resulting amount is the interest due for that period of time.
The second period is the date of the initial hearing before the Deputy Commissioner to the date the compensation and interest is paid. For that period, each weekly compensation payment due is time weighted and multiplied by the weekly interest rate. The interest thus calculated on each weekly compensation payment is then summed and the resulting amount is the interest due for that period of time.
4. Defendant is not entitled to have its attorneys fee paid by Plaintiff pursuant to N.C. GEN. STAT. § 97-88.1.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. The defendant shall pay simple interest to the plaintiff at the rate of eight (8%) percent on the compensation due from the date compensation began to the date of the initial hearing before Deputy Commissioner Haigh in the total amount of $11,971.38 (with the interest calculated from the date of hearing until paid) and shall pay simple interest to the plaintiff at the rate of eight (8%) percent on the compensation due from the date of the initial hearing before Deputy Commissioner Haigh until the date the compensation and interest was paid in the amount of $6,458.25. This second interest is calculated from the date each compensation payment was due (after the initial hearing) to the date paid. To the extent that Defendant has overpaid such interest, plaintiff's counsel shall refund the overpayment to Defendant from his trust account. To the extent that Defendant has underpaid such interest, Defendant shall immediately pay the difference.
2. No additional costs are assessed.
This 29th day of March 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER