CAROLINE D'AQUISTO, Employee, Plaintiff v. MISSION ST. JOSEPH'S HEALTH SYSTEM, Employer, CAMBRIDGE INTEGRATED SERVICES, Carrier, Defendants

No. COA08-1238

(Filed 4 August 2009)

**1. Workers' Compensation— appellate attorney fees— reversed under one statute—granted under another**

The Industrial Commission did not abuse its discretion by awarding appellate attorney fees to claimant under N.C.G.S. § 97-88 where the Supreme Court had reversed attorney fees awarded as a sanction under N.C.G.S. § 97-88.1. Evaluation of the unreasonableness of a defense is not a statutory factor to be weighed in granting attorney fees for a claimant defending an appeal under N.C.G.S. § 97-88, and the failure to award attorney fees under N.C.G.S. § 97-88.1 does not bar an award of attorney fees under N.C.G.S. § 97-88.

**2. Workers' Compensation— appellate attorney fees— awarded by Industrial Commission**

The contention that the Industrial Commission was not permitted to award appellate attorney fees because a claimant was no longer before the Industrial Commission was misplaced. The reasoning cited for the contention is no longer good law.

**3. Workers' Compensation— appellate attorney fees—continuing jurisdiction**

A workers' compensation claimant was not barred from requesting additional attorney fees under N.C.G.S. § 97-88 because the Commission entered "final judgment" on the issue in an order. Contrary to courts of general jurisdiction, the Industrial Commission is vested with continuing jurisdiction to adjudicate all aspects of workers' compensation claims brought before it.

**D'AQUISTO v. MISSION ST. JOSEPH'S HEALTH SYS.**

[198 N.C. App. 674 (2009)]

Furthermore, the Commission did not address appellate attorney fees in its original order and was permitted to review the matter on remand.

Appeal by defendant-employer from Opinion and Award entered 18 June 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 25 March 2009.

*Ganley & Ramer, PLLC, by Thomas F. Ramer; and The Sumwalt Law Firm, by Vernon Sumwalt for claimant-appellee.*

*Van Winkle Buck Wall Starnes & Davis, P.A., by Allan R. Tarleton for employer-appellant.*

HUNTER, JR., Robert N., Judge.

This appeal contests an award of attorney's fees under N.C. Gen. Stat. § 97-88 by the Industrial Commission ("Commission") for claimant-plaintiff, Caroline D'Aquisto ("claimant"), and her attorney's fees expended in the appeal subsequent to the initial award of compensation. Employer-defendant Mission St. Joseph's Health System ("employer")[1] contends that this award is inconsistent with the decision of the Supreme Court in *D'Aquisto II* involving application of a companion statute N.C. Gen. Stat. § 97-88.1; that the Commission may not award fees for appeals outside of the Commission's proceedings; and that claimant was procedurally barred from making this request. We disagree and affirm the decision of the Commission.

I. Procedural History

The procedural history of this case is set forth in *D'Aquisto v. Mission St. Joseph's Health Sys.*, 171 N.C. App. 216, 614 S.E.2d 583 (2005) (*D'Aquisto I*) which was reversed in part by *D'Aquisto v. Mission St. Joseph's Health Sys.*, 360 N.C. 567, 633 S.E.2d 89 (2006) (*D'Aquisto II*). Initially the Commission held and this Court affirmed that the award of attorney's fees for claimant under N.C. Gen. Stat. § 97-88.1 was not to be deducted from claimant's award but was to be taxed against employer because its defense of the claim was unreasonable. This sanction was reversed by the Supreme Court which held that "defendant's defense of the matter was not without reasonable grounds." The Supreme Court remanded the case "to the Court of Appeals for remand to the Industrial Commission for further proceedings not inconsistent with this opinion."

---

1. Employer is currently known as "Mission Hospitals, Inc."

## Remand to the Full Commission

On 5 January 2007, claimant moved the Full Commission for entry of an Opinion and Award on remand in compliance with the Supreme Court's decision in *D'Aquisto II*. In its motion, claimant requested that, instead of awarding attorney's fees as a penalty, the Full Commission amend the award so that attorney's fees could be paid out of the accrued and future benefits of claimant.[2]

On 29 January 2007, Commissioner Thomas Bolch, on behalf of the Full Commission, entered a new Opinion and Award, which removed all references to employer's unreasonable defense of this matter, and made the following award of attorney's fees to claimant:

4. Defendants shall pay to plaintiff's counsel a reasonable attorney fee in the amount of 25 percent (25%) of the compensation awarded herein, both past and future. *Such fee shall be deducted from the accrued and future benefits* and paid directly to the plaintiff's counsel.

(Emphasis added.) On 14 February 2007, employer mailed checks to claimant and claimant's counsel in the respective amounts of $110,595.60 and $26,966.97.

## Award of Appellate Attorney's Fees

On 30 April 2007, claimant filed a motion with the Commission requesting that, pursuant to N.C. Gen. Stat. § 97-88, she be awarded attorney's fees incurred in defense of employer's appeals. On 4 October 2007, Commissioner Christopher Scott awarded attorney's fees to claimant's counsel in the amount of $36,273.30 pursuant to N.C. Gen. Stat. § 97-88, as the result of "defendants' multiple but unsuccessful appeals" in the case.

## Appeal of Award of Appellate Attorney's Fees

On 18 June 2008, the Full Commission affirmed the award of appellate attorney's fees to claimant, pursuant to N.C. Gen. Stat. § 97-88 and made the following relevant findings of fact and conclusion of law:

12. Defendant's appeals have been unsuccessful in terminating plaintiff's award of TTD and medical benefits as awarded by

---

2. Pursuant to N.C. Gen. Stat. § 97-90, all attorney's fees are subject to the approval of the Commission.

the Opinion and Award of Deputy Commissioner Garner on August 7, 2003. Accordingly, pursuant to N.C. Gen. Stat. § 97-88, the Full Commission has discretion to award a reasonable attorney fee for the plaintiff's counsels. [sic]

. . . .

14. Based upon its sound discretion, the Full Commission finds the award of attorney's fees and costs of $36,276.30 pursuant to N.C. Gen. Stat. § 97-88 to be reasonable. . . .

. . . .

CONCLUSIONS OF LAW

1. The appeals of this matter were brought by defendant. Defendant has been ordered to make, or to continue to make payments of benefits to plaintiff. Therefore, in the exercise of its discretion pursuant to N.C. Gen. Stat. § 97-88, the Full Commission may award attorney's fees to plaintiff.

Defendant appeals.

II. Issues

On appeal, employer assigns error to the Full Commission's award of appellate attorney's fees to claimant under N.C. Gen. Stat. § 97-88. Employer argues that (1) the award of attorney's fees under N.C. Gen. Stat. § 97-88 is inconsistent with the Supreme Court's decision in *D'Aquisto II*, which reversed the award of attorney's fees under N.C. Gen. Stat. § 97-88.1; (2) the Full Commission was not permitted to award claimant attorney's fees for appeals outside the Commission; and (3) claimant was procedurally barred from requesting attorney's fees under N.C. Gen. Stat. § 97-88.

III. Standard of Review

"This Court reviews the Commission's ruling on a motion for attorney's fees for an abuse of discretion." *Cox v. City of Winston-Salem*, 171 N.C. App. 112, 119, 613 S.E.2d 746, 750 (2005). An abuse of discretion results only where a decision is " ' "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." ' " *Goforth v. K-Mart Corp.*, 167 N.C. App. 618, 624, 605 S.E.2d 709, 713 (2004) (quoting *Long v. Harris*, 137 N.C. App. 461, 465, 528 S.E.2d 633, 636 (2000) (citation omitted)).

IV. Analysis

A.  Basis of Award of Fees under N.C. Gen. Stat. §§ 97-88 and 97-88.1

[1] Employer argues that the Full Commission's award of attorney's fees under N.C. Gen. Stat. § 97-88 is inconsistent with the Supreme Court's reversal of attorney's fees under N.C. Gen. Stat. § 97-88.1 in *D'Aquisto II*. Employer's premise is that, because the defense of claimant's claim was adjudicated to be reasonable for purposes of avoiding sanctions under N.C. Gen. Stat. § 97-88.1, this finding would foreclose an award of fees under N.C. Gen. Stat. § 97-88. Because · evaluation of the "unreasonableness" of a defense claim is not a statutory factor to be weighed in granting attorney's fees for a claimant defending an appeal under N.C. Gen. Stat. § 97-88, employer's argument has no merit.

The sanction imposing attorney's fees under N.C. Gen. Stat. § 97-88.1 against an employer involves an evaluation of whether the employer's defense of an initial claim is "unreasonable." The award of attorney's fees under N.C. Gen. Stat. § 97-88 involves an evaluation as to whether the employer lost an appeal. The failure to award attorney's fees under N.C. Gen. Stat. § 97-88.1 does not bar an award of attorney's fees under N.C. Gen. Stat. § 97-88. The two statutes serve different purposes and provide different remedies. N.C. Gen. Stat. § 97-88.1 only provides attorney's fees for the initial hearing before the Commission, while § 97-88 governs attorney's fees accrued in defending an insurer's unsuccessful appeal. *See* N.C. Gen. Stat. §§ 97-88 and 97-88.1 (2007).

N.C. Gen. Stat. § 97-88.1 provides that:

If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended *without reasonable ground*, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

*Id.* (emphasis added). The purpose of this section is to prevent stubborn, unfounded litigiousness which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees. *Troutman v. White & Simpson, Inc.,* 121 N.C. App. 48, 54, 464 S.E.2d 481, 485 (1995), *disc. review denied,* 343 N.C. 516, 472 S.E.2d 26 (1996).

N.C. Gen. Stat. § 97-88 provides:

If the Industrial Commission . . . shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

*Id.* This statute allows an injured employee to move that his appellate attorney's fees be paid when (1) an insurer appeals the Commission's order directing that the employer pay benefits to claimant, and (2) the order to pay benefits is affirmed. *See* N.C. Gen. Stat. § 97-88; *Troutman*, 121 N.C. App. at 53, 464 S.E.2d at 485.

The determination of whether claimant should be awarded attorney's fees under N.C. Gen. Stat. § 97-88 is not controlled by the decision whether to award attorney's fees under N.C. Gen. Stat. § 97-88.1. *Whitfield v. Laboratory Corp. of Am.*, 158 N.C. App. 341, 359, 581 S.E.2d 778, 789 (2003). Contrary to N.C. Gen. Stat. § 97-88.1, an award of attorney's fees under N.C. Gen. Stat. § 97-88 concerns only appellate attorney's fees and is permitted even if the insurer who institutes the proceeding has reasonable grounds for bringing the appeal. *See Brown v. Public Works Comm'n*, 122 N.C. App. 473, 470 S.E.2d 352 (1996).

Subsequently, claimant moved for an award of appellate attorney's fees under N.C. Gen. Stat. § 97-88 to compensate her counsel for time spent in defending multiple appeals brought by employer, and the Commission granted claimant's motion. Here, the Full Commission was within its discretion to award claimant appellate attorney's fees under N.C. Gen. Stat. § 97-88 because employer, who is self-insured, appealed the award of benefits to claimant and the award was affirmed on appeal. Accordingly, our Supreme Court's reversal of attorney's fees under N.C. Gen. Stat. § 97-88.1 is not inconsistent with the Commission's subsequent award of attorney's fees to claimant under N.C. Gen. Stat. § 97-88. This assignment of error is overruled.

B. Discretion of the Full Commission

**[2]** Second, employer asserts that pursuant to *Buck v. Procter & Gamble*, 58 N.C. App. 804, 806, 295 S.E.2d 243, 245 (1982), *cert. denied*, 308 N.C. 543, 304 S.E.2d 236 (1983), the Full Commission was not permitted to award attorney's fees for claimant because there was

no longer an appeal before the Industrial Commission. Employer's reliance on *Buck* is misplaced because the reasoning that employer cites is no longer good law.

In *Buck*, our Court held that, pursuant to *Taylor v. J. P. Stevens*, 57 N.C. App. 643, 292 S.E.2d 277 (1982) (*"Taylor I"*), the Commission was only permitted to award attorney's fees "when an appeal is before it to review a hearing commissioner's decision" and did not have discretion to award attorney's fees for services rendered before an appellate court. *Buck*, 58 N.C. App. at 806, 295 S.E.2d at 245. However, in *Taylor v. J. P. Stevens Co.*, 307 N.C. 392, 398, 298 S.E.2d 681, 685 (1983) (*"Taylor II"*), our Supreme Court concluded that the Court in *Taylor I* erred in holding that the Commission does not have the authority to award attorney's fees for work done in furtherance of an appeal. *Id.* As far as its reliance on *Taylor I*, the proposition that employer cites in *Buck* is no longer valid. This assignment of error is overruled.

C. Final Judgment

[3] Employer contends that claimant was procedurally barred from requesting additional attorney's fees under N.C. Gen. Stat. § 97-88 because the Commission entered "final judgment" on the issue in its 29 January 2007 order. We disagree.

Employer asserts that claimant waived her request for appellate attorney's fees by failing to raise the matter on remand. When claimant filed her motion for entry of an Opinion and Award on remand, she requested that her award be amended in compliance with *D'Aquisto II*, so that attorney's fees were not assessed as a penalty, but instead were payable out of her benefits. Employer contends that all of claimant's attorney's fees were "fixed and determined" when the Commission granted her request in its 29 January 2007 order.

In support of its argument, employer refers to the Latin maxim *interest rei publicae ut sit finis litum*, which states that " 'there should be an end of litigation for the repose of society.' " *Croom v. Department of Commerce*, 143 N.C. App. 493, 498, 547 S.E.2d 87, 91 (2001) (quoting *Hicks v. Koutro*, 249 N.C. 61, 64, 105 S.E.2d 196, 199-200 (1958)). The public policy of *interest rei publicae ut sit finis litum*

"requires a lawsuit to be tried as a whole and not as fractions . . . [and] the entry of a single judgment which will completely and

**D'AQUISTO v. MISSION ST. JOSEPH'S HEALTH SYS.**

[198 N.C. App. 674 (2009)]

finally determine all the rights of the parties. A party should be required to present his whole cause of action at one time in the forum in which the litigation has been duly constituted."

*Id.* (citation omitted).

However, "this principle [*interest rei publicae ut sit finis litum*] does not have the strict application in proceedings for workmen's compensation that it has as regards [to] proceedings in the courts." *Hall v. Chevrolet Co.*, 263 N.C. 569, 577, 139 S.E.2d 857, 862 (1965). "[I]t is well established that the Worker's Compensation Act ' "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation." ' " *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 597, 532 S.E.2d 207, 210 (2000) (quoting *Hall*, 263 N.C. at 576, 139 S.E.2d at 862 (1965)). Contrary to courts of general jurisdiction, the Commission is vested with continuing jurisdiction to adjudicate all aspects of workers' compensation claims brought before it. *Pearson v. C.P. Buckner Steel Erection Co.*, 348 N.C. 239, 241-42, 498 S.E.2d 818, 820 (1998), *disc. review denied*, 353 N.C. 379, 547 S.E.2d 434 (2001).

Furthermore, in the Commission's 29 January 2007 order, it did not address appellate attorney's fees, and therefore, the Commission was permitted to review the matter. The assignment of error is overruled.

## V. Conclusion

Accordingly, we overrule employer's assignments of error and affirm the Full Commission's award of attorney's fees to claimant pursuant to N.C. Gen. Stat. § 97-88.

Affirmed.

Judges HUNTER, Robert C., and CALABRIA concur.